# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

TONY G. HEWITT,

    Plaintiff,

vs.

LISA WALSH, et al.,

    Defendants.

Case No. 3:12-CV-00102-ECR-(WGC)

**ORDER**

    Plaintiff, who is a prisoner at the Northern Nevada Correctional Center, has submitted an application to proceed in forma pauperis (#1) and a civil rights complaint pursuant to 42 U.S.C. § 1983.

    The court has reviewed the complaint, and the court finds that the complaint requires amendment. When a "prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," the court must "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Allegations of a pro se complainant are held to less stringent standards than formal pleadings drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam).

    Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." . . . [T]he pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands

> more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." . . .
>
> [A] complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (citations omitted).

Plaintiff alleges that he was in the prison hospital between February 19, 2011, and May 3, 2011. On the latter date, he was served food in a polystyrene tray that had bird feces and bite marks from squirrels. He informed the correctional officer, defendant Shane Dennis, who gave him the tray, and it was taken away. Plaintiff filed a grievance. Defendant Lt. Garibaldi took the form and said that he would look into the matter.

Plaintiff has not stated a plausible claim for relief. He has mentioned with specificity only one incident of contaminated food, and he complains that his food is cold. "The fact that the food occasionally contains foreign objects or sometimes is served cold, while unpleasant, does not amount to a constitutional deprivation." LeMaire v. Maass, 12 F.3d 1444, 1456 (9th Cir. 1993) (citation and internal quotations omitted); see also Foster v. Runnels, 554 F.3d 807, 813 n.2 (9th Cir. 2009). Plaintiff alleges that on other days he saw squirrels and birds attack a tray of food that was waiting on a cart outside the hospital, but he does not allege that he consumed the food from those particular trays. Instead, he argues that he must have consumed that food because he was deathly ill. However, unless the prison has unusual housing circumstances, plaintiff was already in the hospital because he was ill, regardless of the food. Indeed, plaintiff alleges that an examination revealed a polyp in his intestine, which might have been the cause of his digestive distress.

Even if plaintiff could allege facts that amount to a constitutional violation, plaintiff has not alleged how some of the defendants named in this action are responsible for that violation. Defendant Shane Dennis' only involvement is handing the tray of contaminated food to plaintiff and then removing it when plaintiff noticed the contamination. Plaintiff alleges that defendant Dennis

was sarcastic, but sarcasm is not unconstitutional.  See Keenan v. Hall, 83 F.3d 1083, 1092 (9th Cir. 1996), amended by 135 F.3d 1318 (9th Cir. 1998).  Plaintiff alleges that defendant Garibaldi took plaintiff's grievance form and then did nothing to remedy the situation, but plaintiff does not have a right to an effective grievance procedure.  Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988) (order).  Nor has plaintiff alleged whether defendant Garibaldi had the ability to remedy the situation.  Plaintiff has not alleged how defendant Karen Gedney, a doctor, was involved at all.

      IT IS THEREFORE ORDERED that the clerk of the court shall file the complaint.

      IT IS FURTHER ORDERED that the complaint is **DISMISSED** for failure to state a claim upon which relief can be granted, with leave to amend.  The clerk shall send to plaintiff a civil rights complaint form with instructions.  Plaintiff will have thirty (30) days from the date that this order is entered to submit his amended complaint, if he believes that he can correct the noted deficiencies.  Failure to comply with this order will result in the dismissal of this action.

      IT IS FURTHER ORDERED that plaintiff shall clearly title the amended complaint as such by placing the word "AMENDED" immediately above "Civil Rights Complaint Pursuant to 42 U.S.C. § 1983" on page 1 in the caption, and plaintiff shall place the case number, 3:12-CV-00102-ECR-(WGC), above the word "AMENDED."

      DATED: March 12, 2012.

                                                        /s/ Edward C. Reed
                                                      EDWARD C. REED
                                                      United States District Judge